**IN THE UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF OHIO**

**WESTERN DIVISON**

| | | |
|---|---|---|
| GERRY L. MOORE, | ) | CASE NO. 3:25-cv-02260-JRK |
| | ) | |
| | ) | JUDGE JAMES R. KNEPP II |
| Petitioner, | ) | |
| | ) | MAGISTRATE JUDGE |
| v. | ) | REUBEN J. SHEPERD |
| | ) | |
| WARDEN ANGELA STUFF, | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Respondent. | ) | |

## I.      Introduction

On October 13, 2025, Petitioner Gerry L. Moore ("Moore") filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. (ECF Doc. 1). On October 21, 2025, the matter was referred to me pursuant to Local Rule 72.2 for issuance of a report and recommended decision. (non-document entry of October 21, 2025). As will be discussed in more detail below, I recommend that Moore's petition be dismissed without prejudice for failure to exhaust state court remedies that were still available to him.

## II.      Procedural Barriers to Federal Habeas Corpus Review

Before coming to federal court, a state habeas petitioner must overcome certain procedural barriers, including exhaustion of state remedies and procedural default. *See Daniels v. United States*, 532 U.S. 374, 381 (2001). A federal court sitting in habeas review may review claims that were evaluated on the merits by the state court. But claims that were not evaluated by

1

a state court, either because they were never fully presented to the state court (*i.e.*, state court remedies were unexhausted) or because they were not properly presented to the state court (*i.e.*, they are procedurally defaulted) are not available for federal habeas corpus review. *Bonnell v. Mitchel*, 301 F. Supp. 2d 698, 722 (N.D. Ohio 2004), *aff'd sub nom. Bonnell v. Mitchell*, 212 F. App'x 517 (6th Cir. 2007).

### a. Exhaustion

A petitioner must first give the state courts a "*fair*" opportunity to act on his claims. *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999) (emphasis in original). For a claim to have been fairly presented, the factual and legal basis of the claim asserted by the petitioner must have been raised at each and every stage of state review. *Wagner v. Smith*, 581 F.3d 410, 418 (6th Cir. 2009); *McMeans v. Brigano*, 228 F.3d 674, 681 (6th Cir. 2000). It is not enough for the claim raised in state court to be "somewhat similar" to the one raised in the habeas petition or implicate the same facts; the state court must have been called upon to apply the legal principles of the claim now presented to the federal courts. *Jalowiec v. Bradshaw*, 657 F.3d 293, 304 (6th Cir. 2011).

Failure to exhaust occurs where state court remedies are still "available at the time of the federal petition." *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006). This failure to exhaust can also lead to a petitioner procedurally defaulting his claims. If the petitioner has not fully utilized his state remedies and has no legal mechanism by which to do so now, the claim he failed to present is procedurally defaulted, and this Court cannot act on the claim either. *See Gray v. Netherland*, 518 U.S. 152, 161-62 (1996); *Williams v. Anderson*, 460 F.3d 789, 809 (6th Cir. 2006).

If a petitioner does not fairly present their claims through the requisite levels of state appellate review, but still has an avenue open to him in the state courts by which he may present the claims, while their petition is pending, that petition is subject to dismissal without prejudice for failure to exhaust state remedies. *See* 28 U.S.C. § 2254(c). And although the exhaustion requirement is not jurisdictional, and an application for writ of habeas corpus may be denied on the merits notwithstanding the petitioner's failure to exhaust, *see* 28 U.S.C. § 2254(b)(2), there is a strong presumption in favor of requiring the exhaustion of state remedies. *Taper v. Luneke*, No. 1:24-CV-602, 2024 WL 5056487, at *3 (S.D. Ohio Dec. 10, 2024), *report and recommendation adopted*, No. 1:24-CV-602, 2024 WL 5237677 (S.D. Ohio Dec. 27, 2024) (citing *Granberry v. Greer*, 481 U.S. 129, 131 (1987)).

## III.    Discussion

Warden Angela Stuff ("Respondent") filed a Return of Writ and state court record with this Court on December 23, 2025. (ECF Doc. 11, 11-1). Within the Return of Writ, Respondent states as follows regarding Moore's direct appeal from his conviction and sentence[1]:

> On November 15, 2024, Moore, through new appointed appellate counsel, filed a timely notice of appeal in the Third District Court of Appeals. (Exhibit 19). In his brief, Moore raised the following assignment of error:
>
> 1.   THE TRIAL COURT ERRED WHEN IT FAILED TO DISMISS THIS CASE BASED ON DOUBLE JEOPARDY GROUNDS. (Exhibit 20). The State filed a brief opposing the assignment of error. (Exhibit 21).
>
> **This appeal remains pending and is to be submitted without argument on January 6, 2026**. (Exhibits 22 and 32, Case No. 09-24-056).

---

[1] I note that Moore did have a previous direct appeal that is noted in Respondent's return of writ. (*See* ECF Doc. 11, pp. 2-3). However, Moore's conviction was later vacated, and that decision was affirmed by the Ohio Supreme Court. (*Id.* at p. 3). Further, the Return of Writ opens with a statement of facts from an *interlocutory* appeal that occurred as a result of a subsequent prosecution. (*Id.* at pp. 2-4; *See* also ECF Doc. 11-1, pp. 339-63). The pending direct appeal that is referenced within this Report and Recommendation that serves as the basis for the recommendation of dismissal is the appeal that followed from the interlocutory appeal.

3

(ECF Doc. 11, p. 6) (emphasis added).

Respondent makes clear that at the time Moore filed his petition, he had not yet received an appellate decision regarding his conviction from the state appellate court. Moreover, by the time Respondent filed the Return of Writ, the parties still did not have the benefit of an appellate court decision.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") applies to Moore's petition for writ of habeas corpus. *Lindh v. Murphy*, 521 U.S. 320, 336 (1997). "As amended by AEDPA, 28 U.S.C. § 2254 sets several limits on the power of a federal court to grant an application for a writ of habeas corpus on behalf of a state prisoner." *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011). This is so because "[s]tate courts are adequate forums for the vindication of federal rights" and AEDPA thus acts as a "formidable barrier to federal habeas relief for prisoners whose claims have been adjudicated in state court." *Burt v. Titlow*, 571 U.S. 12, 19 (2013). As such, AEDPA "dictates a highly deferential standard for evaluating state-court rulings which demands that state-court decisions be given the benefit of the doubt." *Bell v. Cone*, 543 U.S. 447, 455 (2005) (internal citation and quotation omitted).

Under 28 U.S.C. § 2254, federal courts may "entertain only those applications alleging that a person is in state custody 'in violation of the Constitution or laws or treaties of the United States'" and in most instances, federal courts may not grant habeas relief "unless . . . the applicant has exhausted state remedies." *Cullen*, 563 U.S. at 181 (quoting 28 U.S.C. §§ 2254(a), (b), (c)).

In all, federal habeas corpus relief is a "guard against extreme malfunctions in the state criminal justice systems," and is different in kind from the relief available in direct appeal. *Harrington*, 562 U.S. at 102-03; *see also Brown v. Davenport*, 596 U.S. 118, 133 (2022)

4

(internal quotation omitted). Thus, to obtain "habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fair-minded disagreement." *Harrington*, 562 U.S. at 103.

Here, at the time of filing his petition, Moore still had available state court remedies to exhaust. He filed his petition on October 13, 2025 (*see* ECF Doc. 1) and at the time, his direct appeal was pending in state court. (*See* ECF Doc 11, p. 6 (noting that his direct appeal was filed in November 2024 and submitted for decision without argument January 6, 2026)). As such, Moore still had state court remedies available to him at the time of filing his petition, and may still have further remedies to exhaust going forward.

While I am unaware what the precise status of Moore's state court proceedings are, what is clear from the record before me is that Moore filed his petition before getting the benefit of the state appellate court's decision on direct appeal. (*See* ECF Doc. 1 (filed October 13, 2025); ECF Doc. 11, p. 6 (noting that Moore's appeal was not submitted to the state appellate court for review until January 6, 2026)). The appellate decision, typically, serves as the foundation from which this Court bases its review. Further, Moore may very well also seek additional review from that appellate decision in the various ways permitted by Ohio state law. Because his petition was filed before the appellate court's decision, it necessarily follows that he never gave the state court the first opportunity to correct any alleged constitutional errors before coming to this Court. Moreover, he had not taken advantage of subsequent opportunities for correction through state court avenues like Ohio Appellate Rule 26(B) proceedings, appeals to the Ohio Supreme Court, or other forms of postconviction relief available under state law. Moore must first seek remedy through any available state process before he may obtain relief here. 28 U.S.C.

§§ 2254(b)(1)(a), (c) (requiring exhaustion and stating that claims remain unexhausted where a petitioner "has the right under the law of the State to raise, *by any available procedure*, the question presented." (emphasis added)).

Without giving the state courts the first pass at rectifying any alleged constitutional error, I find that it leaves this Court without a full and valid basis to review the petition because any alleged error either had not occurred or had not been reviewed at the time of filing. Although failure to exhaust is not jurisdictional and an unexhausted claim may still be denied on the merits, 28 U.S.C. § 2254(b)(2), principles of prudence and comity counsel my recommendation of dismissal to allow Moore to fully exhaust his state remedies. State courts must have the first opportunity to remedy any alleged constitutional defects; otherwise, federal habeas relief is unavailable. 28 U.S.C. § 2254(b). If, after Moore has fully exhausted all state remedies, alleged constitutional errors remain, he may refile his petition raising those alleged constitutional deficits with the benefit of the state court decisions.

Because Moore's state court remedies were, at the very least, still available at the time the petition was filed, I recommend that the District Court dismiss Moore's petition so that he may exhaust those remedies before returning to federal court for habeas review.

## IV.    Pending Motions

Moore has several motions pending before the Court. (*See* ECF Docs. 12, 13, 15, 16, 17, 19, 21, 23). Because I am recommending that the District Court dismiss Moore's petition so that

he can properly exhaust his state court remedies before seeking federal habeas corpus relief, I deny each of Moore's motions as moot.

## V.      Conclusion

Moore's filed his petition for a writ of habeas corpus while his direct appeal from his conviction and sentence were pending in the state appellate court. Because Moore's state court remedies were, at the very least, still available at the time the petition was filed, Moore's petition was filed too early. I therefore recommend that the District Court dismiss Moore's petition, without prejudice, so that he may exhaust his state court remedies before filing his petition with this Court. Furthermore, because I recommend dismissal, I deny Moore's pending motions (ECF Docs. 12, 13, 15, 16, 17, 19, 21, 23) as moot.

Dated: May 12, 2026

REUBEN J. SHEPERD
UNITED STATES MAGISTRATE JUDGE

---

## OBJECTIONS

### Objections, Review, and Appeal

Within 14 days after being served with a copy of this report and recommendation, a party may serve and file specific written objections to the proposed findings and recommendations of the magistrate judge. Rule 72(b)(2), Federal Rules of Civil Procedure; *see also* 28 U.S.C.§ 636(b)(1); Local Rule 72.3(b). Properly asserted objections shall be reviewed de novo by the assigned district judge.

* * *

Failure to file objections within the specified time may result in the forfeiture or waiver of the right to raise the issue on appeal either to the district judge or in a subsequent appeal to the United States Court of Appeals, depending on how or whether the party responds to the report and recommendation. *Berkshire v. Dahl*, 928 F.3d 520, 530 (6th Cir. 2019). Objections must be

7

specific and not merely indicate a general objection to the entirety of the report and recommendation; "a general objection has the same effect as would a failure to object." *Howard v. Sec'y of Health and Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Objections should focus on specific concerns and not merely restate the arguments in briefs submitted to the magistrate judge. "A reexamination of the exact same argument that was presented to the Magistrate Judge without specific objections 'wastes judicial resources rather than saving them, and runs contrary to the purpose of the Magistrates Act.'" *Overholt v. Green*, No. 1:17-CV-00186, 2018 WL 3018175, *2 (W.D. Ky. June 15, 2018) quoting *Howard*. The failure to assert specific objections may in rare cases be excused in the interest of justice. *See United States v. Wandahsega*, 924 F.3d 868, 878-79 (6th Cir. 2019).