**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

**GERRY L. MOORE,**

Petitioner,

v.

**WARDEN ANGELA STUFF,**

Respondent.

CASE NO. 3:25 CV 2260

JUDGE JAMES R. KNEPP II

**MEMORANDUM OPINION AND ORDER**

Petitioner Gerry L. Moore ("Petitioner), a prisoner in state custody, filed a Petition seeking a writ of habeas corpus under 28 U.S.C. § 2254. (Doc. 1). This case was referred to Magistrate Judge Reuben J. Sheperd for a Report and Recommendation ("R&R") regarding the Petition under Local Civil Rule 72.2(b)(2). On May 12, 2026, Judge Sheperd issued an R&R recommending the Petition be dismissed without prejudice for failure to exhaust state court remedies. (Doc. 25). Petitioner filed objections to the R&R. (Doc. 26). [1]

The Court has jurisdiction over the Petition under 28 U.S.C. § 2254(a). For the reasons set forth below, the Court overrules Petitioner's objections, adopts the R&R, and dismisses Petitioner's Petition without prejudice.

1. Petitioner also filed a Notice of Appeal to the Sixth Circuit Court of Appeals from Judge Sheperd's earlier order denying his "Motion for Leave Request for the Acceptance of Supplement Motion of Discovery." *See* Docs. 10, 24, 27. The Sixth Circuit dismissed that appeal for lack of jurisdiction on August 10, 2026. *See* Doc. 28.

## Background

This habeas case, filed on October 13, 2025, stems from Petitioner's October 2024 conviction on charges of conspiracy. *See* Doc. 1, at 1; *State v. Moore*, 2022-CR-0380 (Marion Cnty. Ct. C.P.).

In his R&R, Judge Sheperd recommends the Court find Petitioner failed to exhaust state court remedies prior to filing his habeas Petition and therefore dismiss the Petition without prejudice.

## Standard of Review

When a party objects to the Magistrate Judge's R&R, the district judge "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

This Court adopts all uncontested findings and conclusions from the R&R and reviews *de novo* those portions of the R&R to which specific objections are made. 28 U.S.C. § 636(b)(1); *Hill v. Duriron Co.*, 656 F.2d 1208, 1213–14 (6th Cir. 1981). To trigger *de novo* review, objections must be specific, not "vague, general, or conclusory." *Cole v. Yukins*, 7 F. App'x 354, 356 (6th Cir. 2001). This specific-objection requirement is meant to direct this Court to "specific issues for review." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). General objections, by contrast, ask this Court to review the entire matter *de novo*, "making the initial reference to the magistrate useless." *Id.*

"A general objection, or one that merely restates the arguments previously presented and addressed by the Magistrate Judge, does not sufficiently identify alleged errors in the [R&R]" to trigger *de novo* review. *Fondren v. American Home Shield Corp.*, 2018 WL 3414322, at *2 (W.D.

Tenn. 2018); *see also Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004) ("An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context."). General objections trigger only clear-error review. *Equal Employment Opportunity Comm'n v. Dolgencorp, LLC*, 277 F. Supp. 3d 932, 965 (E.D. Tenn. 2017), *aff'd*, 899 F.3d 428 (6th Cir. 2018).

## DISCUSSION

Petitioner filed Objections to the R&R. (Doc. 26). But nothing about these objections speaks to the reasoning of the R&R. Petitioner challenges the Magistrate Judge's issuance of an Order denying a pretrial motion and then subsequently issuing an R&R. *Id.* at 1-2. But there is nothing procedurally (or substantively) improper about such an action. He further launches baseless accusations at all Judges of this district, as well as others. *Id.* at 4.

Petitioner additionally complains the Court has ignored his potential grounds for relief, "disregard[s]" the merits of his assertions, and then argues the merits of his underlying claims. *Id.* at 5-7. But the R&R did not address Petitioner's substantive claims because, procedurally, he had not, at the time of filing, yet exhausted his claims in state court and avenues still remained available to him:

> As a matter of comity, § 2254(c)-which provides that a habeas petitioner "shall not be deemed to have exhausted [state court] remedies ... if he has the right under [state] law ... to raise, by any available procedure, the question presented"-requires that state prisoners give state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts. See, *e.g., Castille v. Peoples,* 489 U.S. 346, 351, 109 S.Ct. 1056, 103 L.Ed.2d 380. State prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process.

*O'Sullivan v. Boerckel*, 526 U.S. 838 (1999). In Ohio, this includes discretionary review by the Ohio Supreme Court. *See Leroy v. Marshall*, 757 F.2d 94, 97, 99–100 (6th Cir. 1985). A habeas petitioner bears the burden of demonstrating he has properly and fully exhausted his available State-court remedies with respect to the claims he seeks to present for federal habeas review. *See Caver v. Straub*, 349 F.3d 340, 345 (6th Cir. 2003).

When a Petitioner has not done so, the appropriate remedy is to dismiss the Petition without prejudice. *See Rose v. Lundy*, 455 U.S. 509, 522 (1982). Petitioner can return to state court to pursue exhaustion of state court remedies before then bringing a habeas petition.

As the R&R accurately set forth, it is apparent that at the time of filing, Petitioner had not yet fully exhausted his state court remedies and such remedies were still available at the time of filing. *See* Doc. 25, at 5-6. Nothing about Petitioner's objections directly speaks to, or persuades the Court that the R&R's recommendation to dismiss without prejudice for failure to exhaust is incorrect.

## Conclusion

For the foregoing reasons, good cause appearing, it is

ORDERED that Judge Sheperd's R&R (Doc. 25) be, and the same hereby is, ADOPTED as the Order of this Court and the Petition (Doc. 1) is DISMISSED WITHOUT PREJUDICE; and it is

FURTHER ORDERED that, because Petitioner has not made a substantial showing of a denial of a constitutional right directly related to his conviction or custody, nor would jurists of reason find this debatable, no certificate of appealability shall issue. 28 U.S.C. § 2253(c)(2); Fed. R. App. P. 22(b); Rule 11 of Rules Governing § 2254 Cases. And the Court

FURTHER CERTIFIES that an appeal from this decision could not be taken in good faith. 28 U.S.C. § 1915(a)(3).

s/ *James R. Knepp II*
UNITED STATES DISTRICT JUDGE

Dated: August 24, 2026